UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated, | : : : | CIVIL ACTION NO. 3:18-cv-01538-RNC |
| Plaintiff, | : : | |
| v. | : : | |
| FRONTIER COMMUNICATIONS CORPORATION, et al., | : : : | |
| Defendants. | : | OCTOBER 19, 2018 |

DEFENDANTS' MOTION FOR PRE-FILING CONFERENCE

Defendants Frontier Communications Corporation ("Frontier") and the Retirement Investment & Administration Committee (the "Committee") respectfully request a pre-filing conference regarding their proposed motion to dismiss Plaintiff Mary Reidt's class-action complaint. As described herein, this complaint represents the third attempt by the same plaintiffs' lawyers to challenge the presence of stock acquired in a corporate transaction in a 401(k) retirement plan. As in the other two cases, this complaint should be dismissed with prejudice. *See Schweitzer v. Investment Cmte. of Phillips 66 Savings Plan*, 312 F. Supp. 3d 608 (S.D. Tex. 2018), *appeal docketed*, No. 18-20379 (5th Cir. June 12, 2018); *Yates v. Nichols*, 286 F. Supp. 3d 854 (N.D. Ohio 2017).

Ms. Reidt is a participant in the Frontier Communications 401(k) Savings Plan (the "Plan"). Participants in the Plan decide how to invest their individual account balances from a menu of investment options. During the relevant time period, the Plan's participants allocated their individual account balances among approximately 25 investment options.

1

The Verizon Stock Fund became part of the Plan in 2010.  At that time, Frontier acquired certain business units from Verizon Communications, Inc.  As part of that transaction, Frontier acquired the 401(k) retirement assets of the employees who were moving from Verizon to Frontier.  The acquired assets included the Verizon employees' investments in Verizon stock, which were transferred in kind into Frontier's Plan.  The Verizon Stock Fund was, at all times, a "frozen" fund, which is to say that no new contributions were permitted, but that legacy Verizon employees were permitted to maintain their grandfathered Verizon holdings.

In 2016, Frontier acquired additional business units from Verizon.  As with the earlier transaction, the 2016 acquisition resulted in the transfer of 401(k) assets from Verizon plans into Frontier's Plan.  The transferred assets included additional monies that legacy Verizon employees had chosen to invest in Verizon stock.  Those grandfathered accounts were added to the Verizon Stock Fund.

Ms. Reidt is a legacy Verizon employee who transitioned to Frontier as part of the 2016 acquisition.  While employed by Verizon, she had elected to invest a portion of her 401(k) assets in Verizon stock, so when her assets were transferred into the Plan, the same portion was invested in the Verizon Stock Fund.

Ms. Reidt alleges that Frontier and the Committee should have liquidated the Verizon Stock Fund and that their failure to do so constitutes a violation of the duties of diversification, prudence, and loyalty prescribed by the Employee Retirement Income Security Act.

Ms. Reidt therefore brings two claims: (1) breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1109; and (2) co-fiduciary liability under 29 U.S.C § 1105.  She seeks to represent a class of all Plan participants, from December 31, 2012, onward, whose accounts included investments in Verizon common stock.

As in *Schweitzer* and *Yates*, the complaint in this case is subject to dismissal, and Frontier therefore proposes to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), on the following grounds:

***First***, Ms. Reidt cannot state a claim for breach of the duty of diversification. The duty of diversification was designed for plans, like a traditional pension, in which the fiduciaries decide how to invest a common pool of assets on behalf of all plan participants. Under those circumstances, Congress deemed it too risky for fiduciaries to place all of a plan's assets in one investment. But that duty is scarcely applicable here. As the Second Circuit held in *Young v. General Motors Investment Management Corp.*, 325 F. App'x 31 (2d Cir. 2009), ERISA requires only that a plan be diversified; it does not require each fund within a plan to be diversified. So Ms. Reidt cannot challenge the Verizon Stock Fund as undiversified. To the extent that Ms. Reidt seeks to argue that the Plan was undiversified because too many other Plan participants also had grandfathered Verizon investments—totaling, at one point, 15% of the Plan's assets, she alleges—Ms. Reidt lacks Article III standing to press her challenge, because she has not alleged any respect in which she has been injured by the investment elections of other Plan participants.

***Second***, Ms. Reidt cannot state a claim for breach of the duty of prudence. Where, as here, a complaint lacks "allegations relating directly to the methods employed by the ERISA fiduciary," the complaint may survive a motion to dismiss only "if the court, based on circumstantial factual allegations, may reasonably infer from what is alleged that the process was flawed." *PBGC ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718, 727 (2d Cir. 2013) (internal quotation marks omitted). There are no circumstantial factual allegations here from which it may reasonably be inferred that offering the Verizon Stock Fund was imprudent. In *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), the Supreme Court held that courts must apply the efficient market hypothesis

when evaluating claims for fiduciary breach under ERISA.  The efficient market hypothesis posits that the price of a security that is traded on an efficient market accurately reflects all publicly available information about the security.  Under *Dudenhoeffer*, "a fiduciary usually is not imprudent to assume that a major stock market ... provides the best estimate of the value of the stocks traded on it that is available to him."  *Id.* at 2472 (internal quotation marks omitted).  To survive a motion to dismiss, a plaintiff must allege "a special circumstance affecting the reliability of the market price as an unbiased assessment of the security's value in light of all public information."  *Id.* (internal quotation marks omitted).  Ms. Reidt has alleged no such "special circumstance" here.

*Third*, Ms. Reidt cannot state a claim for breach of the duty of loyalty.  She alleges that the Verizon Stock Fund was retained because one of the members of Frontier's board of directors is also a member of Verizon's board of directors.  But Ms. Reidt nowhere alleges facts to plausibly suggest that the board overlap was a factor considered in administering the Plan, and she elsewhere concedes that Verizon and Frontier are independent companies.

*Fourth*, Ms. Reidt's claim for co-fiduciary liability must be dismissed because it is entirely derivative of the substantive claims for fiduciary breach, all of which must also be dismissed.

In addition to the foregoing arguments, Frontier expects also to argue that Ms. Reidt's challenge to the 2010 acquisition of the Verizon Stock Fund is untimely under 29 U.S.C. § 1113 and that Ms. Reidt lacks standing to challenge any aspect of Frontier's 2010 acquisition of the Verizon Stock Fund because her business unit was part of the 2016 acquisition.  Moreover, Frontier expects to argue that Ms. Reidt has failed to allege sufficient facts to establish that it was acting in a fiduciary capacity with respect to the allegations in the complaint.

Frontier has advised Ms. Reidt's counsel, Robert A. Izard, of Defendants' plans to file a motion to dismiss. The parties were unable to narrow the scope of the controversy. Plaintiff has requested 14 days in which to respond to this pre-filing request; Frontier has no objection to that timeline.

WHEREFORE, Frontier respectfully requests that its motion for pre-filing conference be granted, together with such other and further relief as the Court deems proper.

Respectfully submitted,

DEFENDANTS,
FRONTIER COMMUNICATIONS CORP. and
THE RETIREMENT INVESTMENT &
ADMINISTRATION COMMITTEE

By: /s/ Brian D. Netter

| | |
|---|---|
| Nancy G. Ross (ct14373)<br>  nross@mayerbrown.com<br>Samuel D. Block (phv09773)<br>  sblock@mayerbrown.com<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606-4637<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711 | Brian D. Netter (phv08476)<br>  bnetter@mayerbrown.com<br>Andrew A. Lyons-Berg (phv09770)<br>  alyons-berg@mayerbrown.com<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300<br><br>Susan S. Murphy (ct25321)<br>  smurphy2@goodwin.com<br>SHIPMAN & GOODWIN LLP<br>One Constitution Plaza<br>Hartford, Connecticut 06103<br>Telephone: (860) 251-5000<br>Facsimile: (860) 251-5216 |

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

      I hereby certify that on October 19, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

                                            /s/ Brian D. Netter
                                            Brian D. Netter