# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated, | No. 3:18-cv-01538-RNC |
| Plaintiffs, | |
| vs. | |
| FRONTIER COMMUNICATIONS CORP., THE RETIREMENT INVESTMENT & ADMINISTRATIVE COMMITTEE AND JOHN/JANE DOES 1-10, | February 12, 2019 |
| Defendants. | |

## RULE 26(f) REPORT

Date Complaint Filed:  September 11, 2018

Date of Appearance on Behalf of Defendants:  October 15, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 31, 2019.  The participants were:

- For Plaintiff: Mark P. Kindall and Oren Faircloth

- For Defendants:  Brian D. Netter and Samuel P. Myler

**I.      CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  JURISDICTION

### A.  Subject Matter Jurisdiction

Plaintiff alleges that this court has subject matter jurisdiction over this action pursuant to (a) 28 U.S.C. § 1331, which provides for federal jurisdiction over civil actions arising under the laws of the United States, including ERISA; and (b) 29 U.S.C. § 1132(e)(1) providing for federal jurisdiction of actions brought under Title I of ERISA.  Defendants do not contest subject matter jurisdiction except to the extent Plaintiff is pursuing claims related to either: (a) Frontier Communication Corp.'s ("Frontier") 2010 acquisition of the Verizon Stock Fund ("the Verizon Fund"); or (b) the number or percentage of participants in the Frontier Communications 401(k) Savings Plan ("the Frontier Plan") that held grandfathered Verizon investments  As explained in Defendants' pre-filing conference motion, Plaintiff does not have standing to assert these claims. *See* Dkt. 29, at 3-4.

### B.  Personal Jurisdiction

Plaintiff alleges the Court has personal jurisdiction over Defendants because they are all residents of the United States and ERISA provides for nation-wide service of process pursuant to 29 U.S.C. § 1132(e)(2).  Defendants do not contest that the Court has personal jurisdiction over the named defendants that have appeared in the case.  Defendants cannot attest to whether the Court has jurisdiction over any of the fictitious defendants.

## III.  BRIEF DESCRIPTION OF CASE

### A.  Claims of Plaintiffs

In July of 2010, Verizon spun off a subsidiary ("Spinco") which held assets and liabilities for Verizon's local exchange business in predominantly rural areas of 14 states.  Spinco immediately merged with Frontier.  One of the elements of this transaction was that the employees of Spinco, who were formerly Verizon employees, became employees of Frontier.  These

employees had been participants in the Verizon Savings Plan for Management Employees and, as part of the spin-off and merger, the portion of the Verizon Savings Plan relating to those employees was spun off to form the FCCSA Management Plan.  The FCCSA Management Plan was later merged into the Frontier Plan.  The Plan assets that were transferred from the Verizon Savings Plan to the FCCSA Plan, and then to the Frontier Plan, included approximately $150 million in Verizon stock, representing over 15 percent of the Plan's total assets. In April, 2016, Frontier acquired additional Verizon assets, and Defendants invested over $200 million of additional Plan assets in Verizon stock.  This stock, invested in a single-stock investment option in the Plan called the Verizon Fund, did not qualify as an "employer security."

Plaintiff claims that by failing to timely liquidate the Plan's significant holdings in Verizon common stock, and deciding to concentrate Plan investments in Verizon common stock, Defendants breached their fiduciary duty under ERISA to "diversify[] the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so." 29 U.S.C. § 1104(a)(1)(C). Plaintiff further claims that Defendants' actions also violated ERISA's prudence and loyalty requirements under 29 U.S.C. § 1104(a)(1)(A) and (B). Finally, Plaintiff claims that these fiduciary breaches caused the Plan and the Class to suffer more than $100 million in losses.

### B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants

Prior to 2016, Plaintiff was employed by Verizon. Over the course of her employment, Plaintiff invested in the Verizon Fund, which is a defined contribution retirement plan investment option through which Verizon employees can save for retirement by investing in Verizon securities.  When Frontier acquired the Verizon unit that employed Plaintiff in 2016, Plaintiff became a participant in the Frontier Plan and her participation in the Verizon Savings Plan ended.

While Plaintiff's investments in the Verizon Fund were transferred to the Frontier Plan as part of the acquisition, the Verizon Fund was "frozen" to any future contributions. All future retirement plan contributions made on behalf of Plaintiff were credited to her Frontier Plan account and invested in one or more of the Frontier Plan's 25 investment options.

Defendants contend that Plaintiff fails to state a plausible claim under ERISA. As explained in Defendants' motion for a pre-filing conference (dkt. 29), ERISA's duty of diversification merely requires that defined contribution plan fiduciaries offer a diverse array of investment options, not that each option is itself diversified. *See Young v. General Motors Investment Management Corp.*, 325 F. App'x. 31 (2d Cir. 2009). As for Plaintiff's duty of prudence claim, Plaintiff fails to allege, as she must, that Defendants employed improper methods in deciding to retain the Verizon securities the Frontier Plan inherited as part of the acquisition; nor does she identify a "special circumstance" sufficient to support an inference that the securities' price did not reflect their actual value. *See Fifth Third Bancorp v. Dudenhoffer*, 134 S. Ct. 2459 (2014). Finally, Plaintiff's identification of a single overlapping board member cannot support a duty of loyalty claim; at a minimum, Plaintiff must allege that this board member not only participated in the decision to retain the Verizon securities, but was also motivated by a desire to enrich himself at Plaintiff's expense. Plaintiff's complaint contains no such allegations. *See Sacerdote v. New York University*, 2017 WL 3701482, at *5 (S.D.N.Y. Aug. 25, 2017).

    **C.**    **Defenses and Claims of Third Party Defendants**

Not applicable.

**IV.**    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Counsel has been unable to identify any such facts given the early stage of the case.

4

## V.     CASE MANAGEMENT PLAN

### A.     Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as contained herein. In addition to the deadlines included below, the parties agree that Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged within 21 days after either (1) the Court decides Defendants' Motion to Dismiss, if the Court is amenable to the stay proposed by the Parties on January 11, 2019; or (2) denies the January 11, 2019 Joint Motion for Stay.

### B.     Scheduling Conference with the Court

The Parties filed a Joint Motion to Stay Discovery and All Other Deadlines Set forth in the Order on Pre-Trial Deadlines on January 11, 2019. As stated therein, the parties believe that a stay pending resolution of Defendants' proposed motion to dismiss would limit litigation costs and promote judicial economy in the instant case. If the Court is not inclined to grant a stay, however, the parties request a conference with the Court, prior to entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), to discuss the scheduling issues raised herein, including the scope and timing of discovery in light of Defendants' October 19, 2018 Motion for Prefiling Conference regarding their proposal to file a motion to dismiss. ECF 29.

### C.     Early Settlement Conference

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, and both parties agree that additional discovery will be necessary to further any settlement discussions.

2.     The parties do not request an early settlement conference.

3. The parties agree that in most circumstances their preference is to retain a private mediator for settlement conferences. However, the parties acknowledge that a private mediator is not always necessary or the most effective option. In the event that the parties mutually agree to participate in a settlement conference, they will at that time confer in good faith regarding the various types of mediators available and the appropriate setting for such a conference.

4. The parties, at this time, do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff proposes that she be allowed to join additional parties and to amend the pleadings until 120 days after either (1) the Court decides Defendants' Motion to Dismiss, if the Court is amenable to the stay proposed by the Parties on January 11, 2019; or (2) denies the January 11, 2019 Joint Motion for Stay.

2. Defendants propose that amended pleadings may be not be filed and additional parties may not be joined unless Plaintiff first obtains leave of Court, or pursuant to the Federal Rules of Civil Procedure, is entitled to amend or join parties without leave. Defendants further propose that any motion for leave to amend or join parties must be filed within 30 days following the parties' exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

### E. Discovery

a. The parties anticipate that discovery will be needed on the following subjects:

*Plaintiff* will seek discovery concerning the identity of relevant Plan fiduciaries, decisions concerning investment of Plan assets in Verizon stock, communications with and presentations by any and all consultants and investment advisors concerning Verizon stock, communications with Plan Participants concerning Verizon stock and the Verizon Fund,

decisions to initiate, continue or replace other investment options in the Plan, and decisions concerning the investment of Frontier's defined benefit plan in Verizon stock, and information on the performance of the Fund and the other funds in the Plan for purposes of a damages analysis.

*Defendants* intend to seek discovery concerning Plaintiff's investments, Plaintiff's process for making investment decisions, Plaintiff's alleged losses, and the factual and legal basis for each of Plaintiff's claims. Defendants will also seek discovery concerning Plaintiff's adequacy as a purported class representative and the commonality/typicality of her claims.

      b.     The parties propose that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by no later than ten months from either (1) the Court's ruling on Defendants' Motion to Dismiss, if the Court is amenable to the stay proposed by the parties on January 11, 2019; or (2) the Court's ruling denying the January 11, 2019 Joint Motion for Stay.

      c.     Discovery will not be conducted in phases.

      d.     The parties propose that fact discovery will conclude by seven months from either (1) the Court's ruling on Defendants' Motion to Dismiss, if the Court is amenable to the stay proposed by the parties on January 11, 2019; or (2) the Court's ruling denying the January 11, 2019 Joint Motion for Stay. All expert discovery will be completed three months after the close of fact discovery.

      e.     The parties do not presently anticipate that they will need to take more than ten depositions of fact witnesses, but may revisit this question based on the progress of the litigation. The parties may agree to take additional depositions in excess of the ten deposition

limit, but absent such an agreement, no party may take more than ten depositions without leave of court.

   f. The parties do not presently anticipate that they will need to serve more than 25 interrogatories, but may revisit this question based on the progress of the litigation. The parties may agree to serve additional interrogatories in excess of the 25 interrogatory limit, but absent such an agreement, no party may serve more than 25 interrogatories without leave of court.

   g. Plaintiff intends to call expert witnesses at trial. Plaintiff proposes that Plaintiff's expert reports will be due fifteen days after the close of fact discovery. Plaintiff further proposes that she will designate any reply experts (with accompanying reports) within thirty days after Defendants designate their experts pursuant to subparagraph (h) below.

   h. Defendants intend to call expert witnesses at trial. Defendants propose that their expert reports will be due forty-five days after the close of fact discovery.

   i. A damages analysis will be provided by any party who has a claim or counterclaim for damages within fifteen days after the close of fact discovery.

   j. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties had an initial conversation concerning management of electronically stored information and Defendant indicated that it has put a litigation hold in place to preserve relevant electronically stored information. The parties intend to further refine the details of disclosure and preservation of electronically stored information.

      k.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection ("Privileged Material"), including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      i.      The inadvertent disclosure of Privileged Material which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Material shall not waive any privilege with respect to such disclosures or the subject matters contained therein, either in this Action or any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

      ii.      If any such information or document is inadvertently produced, then the Receiving Party agrees that, upon request of Producing Party, it will promptly return all copies of the information or documents in their possession, delete any versions of the information or documents on any database that they maintain and make no use of such information or documents, provided, however, the Receiving Party thereafter shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or immunity from production.

      iii.      If the Receiving Party identifies any Privileged Material in the production, the Receiving Party shall immediately return or destroy the document. If the Receiving Party identifies any potentially Privileged Material or information in the production, it shall promptly notify Producing Party of the disclosure.

### F.    Dispositive Motions and Class Certification

The parties propose that Plaintiff's Class Certification Motion be filed no later than 15 days after Plaintiff's initial disclosure of experts, and that the deadline for the filing of summary judgment motions shall be 21 days following the the Court's ruling on the Class Certification Motion.

## G.    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by sixty (60) days after the Court's ruling on Class Certification if no motion for summary judgment is filed or by thirty (30) days after the denial of any motion for summary judgment.

## VI. TRIAL READINESS

The case will be ready for trial thirty (30) days after the parties file their Joint Trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: February 12, 2019                                         Respectfully submitted,

/s/ *Nancy G. Ross*  
Nancy G. Ross (ct14373)  
Samuel D. Block (phv09773)  
Samuel P. Myler  
MAYER BROWN LLP  
71 South Wacker Drive  
Chicago, IL 60606-4637  
(312) 782-0600  
(312) 701-7711 fax  
nross@mayerbrown.com  
sblock@mayerbrown.com  

Brian D. Netter (phv08476)  
Andrew A. Lyons-Berg (phv09770)  
MAYER BROWN LLP  
1999 K Street NW  
Washington, D.C. 20006-1101  
(202) 263-3000  
(202) 263-3300 fax  
bnetter@mayerbrown.com  
alyons-berg@mayerbrown.com  

/s/ *Mark P. Kindall*  
Mark P. Kindall (ct13797)  
Robert A. Izard (ct01601)  
Douglas P. Needham (ct29433)  
IZARD, KINDALL & RAABE, LLP  
29 South Main Street, Suite 305  
West Hartford, CT 06107  
(860) 493-6292  
(860) 493-6290 fax  
rizard@ikrlaw.com  
mkindall@ikrlaw.com  
dneedham@ikrlaw.com  

Gregory Y. Porter (to be admitted *pro hac vice*)  
Mark G. Boyko (to be admitted *pro hac vice*)  
BAILEY & GLASSER LLP  
1054 31st Street, NW, Suite 230  
Washington, DC 20007  
(202) 463-2101  
(202) 463-2103 fax  
gporter@baileyglasser.com  
mboyko@baileyglasser.com  

*Attorneys for Plaintiff*

Susan S. Murphy (ct25321)
SHIPMAN & GOODWIN LLP
One Constitution Plaa
Hartford, CT 06103
(860) 251-5000
(860) 251-5216 fax
smurphy@goodwin.com

*Attorneys for Defendants*