**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORPORATION, et al.,<br><br>    *Defendants*. | Civil Action No. 3:18-cv-01538-RNC<br><br><br><br>Hon. Robert N. Chatigny |

**REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Nancy G. Ross
Samuel P. Myler
Samuel Block
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Susan S. Murphy
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (850) 251-5000

Brian D. Netter
 bnetter@mayerbrown.com
Andrew A. Lyons-Berg
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Defendants*

Defendants Frontier Communications Corporation and the Retirement Investment & Administration Committee hereby respectfully request that this Court take judicial notice of the attached documents in connection with Defendants' motion to dismiss.

Pursuant to Rule 201 of the Federal Rules of Evidence, a fact is subject to judicial notice if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice" of such facts "on its own," but "must take juridical notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). A court properly relies on judicially noticeable materials in considering a motion to dismiss. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

Exhibits A-C to this request are Forms 5500 required to be filed annually with the Department of Labor and available for public inspection on the Department of Labor's website. Such "legally required public disclosure documents filed with" government agencies are proper subjects of judicial notice. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Courts thus routinely take judicial notice of Forms 5500. *See, e.g.*, *Almont Ambulatory Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015); *Hilton Worldwide, Inc. Glob. Benefits Admin. Comm. v. Caesars Entm't Corp.*, 532 B.R. 259, 269 n.6 (E.D. Va. 2015). They are also judicially noticeable because Plaintiff explicitly relied upon them in bringing suit. Compl. at 1 (unnumbered paragraph); *see ATSI Commc'ns*, 493 F.3d at 98.

Exhibit D is the Department of Labor's published instruction booklet for filling out Form 5500. It is judicially noticeable as a publicly available government document. *See, e.g.*, *Cruz v. Credit Control Servs., Inc.*, 2017 WL 5195225, at *3 (E.D.N.Y. Nov. 8, 2017) ("It is entirely

proper for the Court to take judicial notice of publicly available documents on government web-sites[.]"); *Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 399 n.1 (S.D.N.Y. 2013) ("judicial notice may be taken" of "documents issued by government agencies.").

Exhibit E is a "frequently asked questions" document issued by Frontier to Verizon employees, like Plaintiff Mary Reidt, that became Frontier employees as part of the 2016 acquisition described in the Complaint. It is noticeable as a "document[] possessed by or known to the plaintiff and upon which [she] relied in bringing the suit." *ATSI Commc'ns*, 493 F.3d at 98; *see* Compl. at 1 (Plaintiff relied on "participant communications sent to Plaintiff by Defendants.").

Defendants therefore request that the Court take judicial notice of the following documents:

- Exhibit A: U.S. Department of Labor Form 5500, Plan Year 2011, Frontier Communications 401(k) Savings Plan, available at https://www.efast.dol.gov/portal/app/disseminate.

- Exhibit B: U.S. Department of Labor Form 5500, Plan Year 2016, Frontier Communications 401(k) Savings Plan, available at https://www.efast.dol.gov/portal/app/disseminate.

- Exhibit C: U.S. Department of Labor Form 5500, Plan Year 2010, Verizon Savings Plan for Management Employees, available at https://www.efast.dol.gov/portal/app/disseminate.

- Exhibit D: U.S. Department of Labor, *2011 Instructions for Form 5500*, available at https://www.dol.gov/sites/default/files/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500/2011-instructions.pdf.

- Exhibit E: Frontier Communications Corporation, *Employee FAQs*, available at http://www.ibew543.org/Uploads/UploadedFiles/docs/072715_Final_FTR_Guava_Employee_FAQs.pdf.

Dated: April 19, 2019

Respectfully submitted,

Nancy G. Ross
Samuel P. Myler
Samuel Block
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

*/s/ Brian D. Netter*
Brian D. Netter
  bnetter@mayerbrown.com
Andrew A. Lyons-Berg
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Susan S. Murphy
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (850) 251-5000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 19, 2019, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By:   */s/ Brian D. Netter*
       Brian D. Netter