# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FRONTIER COMMUNICATIONS CORP., THE RETIREMENT INVESTMENT & ADMINISTRATION COMMITTEE AND JOHN/JANE DOES 1-10,<br><br>    Defendants. | Civil Action No. 3:18-cv-01538-RNC |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RESPONDING TO DEFENDANTS' CITATION OF ADDITIONAL AUTHORITY**

*Usenko v. MEMC LLC,* 926 F.3d 468 (8th Cir. 2019), does not involve a legal claim comparable to the one that Plaintiff has brought in this case. The plaintiff in *Usenko* argued that the defendant fiduciaries should have divested the retirement plan's holdings in SunEdison stock because "SunEdison was in poor financial condition and faced poor long-term prospects." Slip. Op. at 2, reprinted in ECF No. 59-1, Exh. A ("Slip. Op."). Unsurprisingly, the Eighth Circuit found this argument to be foreclosed by *Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409 (2014), noting that *Dudenhoeffer* "embraced the view that a security's price in an efficient market reflects all publicly available information and represents the market's best estimate of its value in light of its riskiness and the future net income flows that those holding it are likely to receive." *Usenko,* Slip. Op. at 6.

  Defendants' assertion that "Plaintiff has attempted similar arguments in response to Defendants' motion to dismiss in this case" (Def. Br., ECF No. 59, at 2), is wrong. In the very

portion to Plaintiff's brief that Defendants cite to support their claim, Plaintiff clearly lays out a completely different claim than the one advanced in *Usenko:*

> Far from precluding Plaintiff's claim here, *Dudenhoeffer* supports it. Plaintiff is not claiming that "the market is over- or undervaluing" Verizon Stock, which is the type of allegation that the Supreme Court found to be "implausible" in the case of a publicly-traded stock. To the contrary: Precisely *because* the market price of Verizon stock fully incorporated the likelihood that the stock would do well or poorly, there was *no* reason to believe that it would outperform a *diversified* investment, and a diversified investment would have carried less risk. Accordingly, there is *no* reason that a prudent fiduciary would have permitted the Plan to continue offering the Verizon Stock Fund as an investment option.

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 47, at 17. As Plaintiff explained in detail, her Complaint does not allege that the Plan's single-stock fund investments were imprudent because the underlying stocks were not likely to do well — a claim fairly compassed within *Dudenhoeffer*. Rather, Plaintiff alleges the funds were imprudent because neither they nor the Plan as a whole were properly diversified, exposing the Plan to uncompensated concentration risk. *Usenko* does not address this claim at all. Indeed, the *Usenko* court expressly *declined* to address it, because plaintiff in that case raised it for the first time in his reply brief before the appellate court. *Usenko,* Slip Op. at 9, n. 5. Consequently, the *Usenko* decision is irrelevant to Plaintiff's claims in this case.

DATED: October 30, 2019	Respectfully submitted,

/s/ *Mark P. Kindall*
Robert A. Izard (ct01601)
Mark P. Kindall (ct13797)
Douglas P. Needham (ct29433)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
(860) 493-6292
(860) 493-6290 fax
rizard@ikrlaw.com
mkindall@ikrlaw.com
dneedham@ikrlaw.com

- 3 -

        Gregory Y. Porter (to be admitted *pro hac vice*)
        Mark G. Boyko (to be admitted *pro hac vice*)
        BAILEY & GLASSER LLP
        1054 31st Street, NW, Suite 230
        Washington, DC 20007
        (202) 463-2101
        (202) 463-2103 fax
        gporter@baileyglasser.com
        mboyko@baileyglasser.com

        *Attorneys for Plaintiff*