IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated,,<br><br>*Plaintiff*,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORPORATION, et al.,<br><br>*Defendant*. | Civil Action No. 3:18-cv-01538-RNC<br><br><br><br>Hon. Robert N. Chatigny |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF REGARDING ADDITIONAL AUTHORITY

In her "Brief regarding additional authority supporting opposition to Defendants' motion to dismiss" (ECF No. 96), Plaintiff draws the Court's attention to a recent decision from the Western District of Oklahoma, *Snider v. Administrative Committee, Seventy Seven Energy Inc. Retirement & Savings Plan, et al.,* No. CIV-20-977-D. She states that "*Snider* is another decision in a string of recent cases" denying motions to dismiss duty of diversification and prudence claims like Plaintiff advances here. (*Id.* at 1.). But even a cursory reading of *Snider* reveals that the decision (1) conflicts with Second Circuit precedent; (2) is premised entirely on the Fourth Circuit's faulty analysis in *Stegemann* as explained previously by Defendants (*see* ECF No. 88 at 6-8); and (3) is based on a materially different set of facts. The Court should not be persuaded by this out-of-circuit district court decision.

1. ***Snider* conflicts with Second Circuit precedent**. Defendants have already explained in their prior supplemental brief that *Stegemann v. Gannett Co., Inc.*, 970 F.3d 465 (4th Cir 2020) — the case *Snider* opts to follow in denying a motion to dismiss breach of the fiduciary duties of

diversification and prudence claims — is in conflict with Second Circuit precedent and why this Court should not follow its reasoning. (*See* ECF No. 88 at 6-8.). In examining failure to diversify claims, the Second Circuit instructs courts to look at the Plan *as a whole* rather than the composition of individual funds. *See Young v. Gen. Motors Inv. Mgmt. Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009) (summary order) (a claim that "narrow[ly] focus[es] on a few individual funds, rather than the plan as a whole, is insufficient to state a claim for lack of diversification."). This is in contrast to the Fourth Circuit's position articulated in *Stegemann*, which states that each available fund on an investment menu must be prudently diversified. *Stegemann*, 970 F.3d at 476. This divergence of precedence alone is grounds to reject Plaintiff's reliance on *Snider*.

   2. ***Snider* offers no compelling reason to treat "participant choice" as an affirmative defense.** Just as Defendants have already explained why the Court should not follow *Stegemann* when deciding their motion to dismiss (*see* ECF No. 88 at 6-8), they have also explained why the Court should adopt the Fifth Circuit's approach articulated in *Schweitzer v. Investment Comm. of the Phillips 66 Savings Plan*, 960 F.3d 190 (5th Cir. 2020). (*See id.* at 3-5.) With respect to "participant choice," the Fifth Circuit reasoned, "where a fund is frozen, participants may divest if they choose to, and the plan distributes statutorily mandated warnings that portfolios are better if diversified, a plaintiff cannot state a claim that alleges a fiduciary should have forced divestment." *Schweitzer*, 960 F.3d at 199.[1] In other words, *Schweitzer* found participant choice to be relevant to the scope of the duty of prudence itself. In direct contrast, the Fourth Circuit concluded, with one panel member dissenting, that participant choice was relevant only to the

---

[1] As explained in Defendants' Supplemental Brief (ECF No. 88 at 5 (citations omitted)), *Schweitzer* is on all fours with this case: the investment menu here is no less diversified than the menu in *Schweitzer*, the Plan similarly prohibited any future investments in company stock going forward, and participants were likewise warned of the risks of inadequate diversification.

2

affirmative defense recognized in 29 U.S.C. § 1104(c). *Stegemann*, 970 F.3d at 440. After noting the divergent approaches, *Snider* opted to follow *Stegemann* on this point, simply stating the Fourth Circuit's view was "more persuasive." (ECF No. 96-1 at 13-14.) The Parties have articulated their positions on *Schweitzer* and *Stegemann*, (*see* ECF Nos. 88 and 89), and *Snider* does not add any additional substantive arguments for the Court's consideration.

3.  ***Snider* involves strikingly distinguishable factual allegations**. Plaintiff suggests that *Snider* is persuasive because the court noted that "the duty to diversify is implicated at a minimum by 'the interplay between two single-stock funds' when a legacy stock fund and an ESOP 'are in the same sector and tend to rise and fall together.'" (ECF 96-1 at 16–17 (citing *Stegemann*, 970 F.3d at 478).). But this rationale relies on a markedly different set of facts. In *Snider*, more than 40% of the plan's total assets were invested in the legacy stock fund alone. (*Id.* at 15.). Here, at its highest, the percentage of Plan assets in Verizon stock was 15%, and by 2016, 13%. (ECF No. 1 ("Compl.") ¶¶ 6, 38.). The Plan's combined investments in Verizon *and* AT&T stock — the alleged second single-stock fund in the same sector that purportedly exacerbates the risk — never exceeded 18%. (*See id.*). The *Snider* plaintiffs also specifically allege that the success of the new employer stock was completely dependent on the legacy employer. (*See* ECF No. 96-1 at 15; *see also Snider* Compl. ¶ 85 (alleging specifically "if [legacy employer]'s business declined, it would not only take down the Plan's investments in [legacy employer] but would also cause the Plan's investments in [new employer] stock to decline.").) Here, Plaintiff simply states both Verizon and AT&T – not the Frontier stock — are in the telecommunications sector. (*See* Compl. ¶¶ 29, 31, 32.)

It is also worth noting that *Snider* does not add anything new to the parties' respective arguments concerning Defendants' motion to dismiss. Plaintiff relies on *Myers v. Admin. Comm.,*

3

*Seventy-Seven Energy, Inc. Ret. & Sav. Plan*, 2019 WL 1320064 (W.D. Okla. Mar. 22, 2019) — a complaint identical to the complaint in *Snider* — in her opposition, (*see* ECF No. 47 at 13-14, 20), and Defendants explained why *Myers* is inapposite, (*see* ECF No. 48 at 4, 6.).

In summary, the *Snider* holding, and its reliance on *Stegemann*, is not persuasive authority. Not only does it conflict with Second Circuit precedent, but it is also premised *Stegemann* which this Court should decline to follow, as well as a materially different set of facts.

Dated: November 18, 2021

                                                Respectfully submitted,

                                                */s/ Nancy G. Ross*
                                                Nancy G. Ross
                                                MAYER BROWN LLP
                                                71 South Wacker Drive
                                                Chicago, Illinois 60606-4637
                                                Telephone: (312) 782-0600

                                                Reginald R. Goeke
                                                MAYER BROWN LLP
                                                1999 K Street NW
                                                Washington, DC 20006-1101
                                                Telephone: (202) 263-3000
                                                Facsimile: (202) 263-3300

                                                Patrick M. Fahey
                                                SHIPMAN & GOODWIN LLP
                                                One Constitution Plaza
                                                Hartford, CT 06103-1919
                                                Telephone: (860) 251-5000

                                                *Attorneys for Defendants*

## CERTIFICATION OF SERVICE

      I hereby certify that on November 18, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

                                                    /s/ Nancy G. Ross
                                                    Nancy G. Ross