**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated,,<br><br>      *Plaintiff*,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORPORATION, et al.,<br><br>      *Defendant*. | Civil Action No. 3:18-cv-01538-RNC<br><br><br><br>Hon. Robert N. Chatigny |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY SUPPORTING OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff has submitted the Amicus Curiae Brief submitted on behalf of the United States in *Gannett Co., Inc. v. Quatrone*, 141 S. Ct. 2509 (2021) (hereinafter referred to as "Brief"), as "supplemental authority supporting [her] opposition to Defendants' motion to dismiss." (ECF No. 98 at 1.). She argues the Brief is "relevant to many of the issues raised in Defendants' pending Motion to Dismiss" and "provides an in-depth analysis of why *Gannett* was correctly decided and why, in the view of the United States, the decision does not merit further review." (ECF No. 98 at 1-2; *see also* ECF No. 102.).

The Brief, however, is not legal authority and the Court should thus decline to consider it when deciding Defendants' motion to dismiss. *See United States v. Ortiz*, 2014 WL 12828506, at *3 n.1 (D. Conn. June 10, 2014) (describing notices of supplemental authority as filings that "alert[] the Court to judicial decisions issued after" an original motion was filed). Because notices of supplemental authority are not intended to be used as a vehicle by which parties can

make additional arguments, this Court should disregard the Brief as it is nothing more than an improper, unauthorized sur-reply in opposition to Defendants' Motion to Dismiss.

Even if the Court considers the Brief as supplemental authority (which it should not), it does not provide any basis to support Plaintiff's opposition to Defendants' motion to dismiss. For the reasons already explained in Defendants' filings (ECF Nos. 88, 101), *Stegemann v. Gannett Co., Inc.*, 970 F.3d 465 (4th Cir 2020), is not persuasive given Plaintiff's allegations presented in *this* case. And, as the Solicitor General recognizes, these matters require context-specific analysis. *See* Brief at 20 ("the different outcomes in this case and *Schweitzer* can be explained by different factual allegations between the two complaints"; Brief at 22 ("both the Fifth Circuit and the Fourth Circuit agree that a duty-of-prudence claim requires a 'fact-specific focus'"). In particular, the Solicitor General focused on the fact that in *Stegemann* the Defendants were warned about the risks of the TEGNA fund, and they were obligated by a Plan-incorporated document to liquidate that fund. Brief at 20-21. No such allegations are made in this case.

Dated: December 15, 2021

                    Respectfully submitted,

                    */s/ Nancy G. Ross*
                    Nancy G. Ross
                    MAYER BROWN LLP
                    71 South Wacker Drive
                    Chicago, Illinois 60606-4637
                    Telephone: (312) 782-0600

                    Reginald R. Goeke
                    MAYER BROWN LLP
                    1999 K Street NW
                    Washington, DC 20006-1101
                    Telephone: (202) 263-3000
                    Facsimile: (202) 263-3300

Patrick M. Fahey
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000

*Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on December 15, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

/s/ Nancy G. Ross
Nancy G. Ross