**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARY REIDT, on behalf of the Frontier Communications 401(k) Savings Plan and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORP., THE RETIREMENT INVESTMENT & ADMINISTRATION COMMITTEE, AND JOHN/JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 3:18-cv-01538-RNC<br><br>August 18, 2026 |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

The above-entitled matter came before the Court on the Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Certification of a Settlement Class ("Preliminary Approval Motion"). After review of the Unopposed Motion and the attachments thereto, the Court **GRANTS** the motions and **ORDERS** as follows:

1. Plaintiff, on behalf of herself and all members of the Settlement Class, and Defendants have negotiated a potential settlement to this Action to avoid the expense, uncertainty, and burden of protracted litigation, and to resolve the Released Claims against Defendants and the other Released Parties.

2. Unless otherwise indicated, this Order incorporates by reference the definitions of the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meaning as in the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of this Action and personal

jurisdiction over all Parties to this Action, including all members of the Settlement Class.

4. Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues in this case and facilitated by an experienced mediator following fact and expert discovery; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5. Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies the following Settlement Class:

> all persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan, at any time during the Class Period, and whose Plan accounts included investments in Verizon common stock (including the Verizon Stock Fund).

6. Named Plaintiff Mary Reidt is appointed as the Class Representative, and Bailey & Glasser LLP and Izard, Kindall & Raabe, LLP, are appointed as Class Counsel for the Settlement Class.

7. The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes to compensate each class member based upon the Class Member's investment in the Verizon Stock Fund over the Class Period, which is a fair proxy for the harm alleged, which was based on the underperformance of the Verizon Stock Fund during the Class Period.

8. The Court finds that under Fed.R.Civ.P. 23(c)(2), the proposed Notice of Settlement (Exhibits A and B to the Settlement Agreement) constitute reasonable and appropriate

notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and the rights of all Settlement Class Members, and complies fully with the requirements of Fed.R.Civ.P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the score of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Final Fairness Hearing; and (90 Settlement Class Members' right to appear at the Fairness Hearing.

9. Pursuant to the Settlement Agreement, Rust Consulting, Inc., is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Class Counsel is responsible for the oversight and monitoring of the Settlement Administrator. and authorizing any administrative fees paid by the Settlement Fund consistent with the Settlement Agreement and Court order. The Court approves the establishment of the Qualified Settlement Fund. Rust shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholdings and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

10. No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Short Form Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from the Plan's

Recordkeeper, provided by Settlement Clas Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved from the address provided to them from the Recordkeeper.

11. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

12. On **December 10, 2026 at 10:00AM,** or at such other date and time later set by Court Order, in the North Courtroom of the United States Courthouse at 450 Main Street, Hartford, Connecticut, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs and Administrative Expenses. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

13. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the

Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel at least fourteen (14) calendar days before the Final Fairness Hearing.

14. Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing.

15. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

16. Any application for Attorneys' Fees and Costs and Administrative Expenses shall be filed no later than thirty (30) days before the date for filing objections and at least 10 days before the deadline for the Independent Fiduciary to provide a Notice of Determination to Defendants.

17. No later than thirty (30) calendar days prior to date for filing objections, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

18. Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

19. This Court retains jurisdiction over this action to consider all further matters arising

out of or connected with the Settlement Agreement and the Settlement.

It is so ORDERED this 18th day of August 2026.

/s/ RNC

Robert N. Chatigny
U.S. District Judge